IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASPER B. BANKS, Inmate #N52539, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GRW TRI-COUNTY DETENTION CENTER, ADMINISTRATOR WOZNIAK, CAPTAIN FURLOW, LT. EVERS, SGT. CAVINS, and SGT. TURNER, | ) CIVIL NO. 04-272-DRH |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Tri-County Detention Center in Ullin, Illinois, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against defendant Tri-County Jail for causing a substantial risk of serious harm to Plaintiff by placing him in overcrowded jail conditions, in violation

of the Eighth Amendment.

**COUNT 2:**   Against Defendant Wozniak for keeping Plaintiff in segregation for an extended period of time without due process.

**COUNT 3:**   Against Defendants Cavins, Turner, Wozniak, Furlow, and Evers for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

<u>**FACTUAL ALLEGATIONS**</u>

Plaintiff makes a number of general allegations regarding the conditions at the Tri-County Detention Center, namely, that the jail is overcrowded, it is in a state of disrepair, that it has inadequate ventilation, that the recreation area is unsafe, and that the inmates are not separated by status for housing purposes. Plaintiff states that the overcrowding presented a substantial risk of

serious harm to him because jail officials would not be able to protect him "in time of disturbances within the cell blocks or in time of fire and other nature disasters and in fostering and allowing prisoners to be repeatedly threatened by the mixing of dangerous felons and are being placed in the same cell blocks as persons charged with violent crimes."

Plaintiff states that in December 2002, he was injured in a car accident. He was taken to Union County Hospital where his injuries–minor cuts and bruises, and a possible broken collar bone–were treated. Shortly thereafter he was transported to the Tri-County facility. Plaintiff states that upon his arrival, he asked Defendant Cavins for a blanket and medical attention for the injuries to his neck and collar bone. He was told that he would not receive any attention until he agreed to have another set of fingerprints taken. Plaintiff states that Defendant Turner denied him a phone call to his attorney, denied him medical care, and shut off the water in his cell, telling him that he would not receive anything until he provided another set of fingerprints. Shortly thereafter, Defendants Wozniak, Furlow, and Evers came to Plaintiff's cell and told him that if he provided another set of fingerprints, he would be taken to a warmer cell where he would be allowed to take a shower, use the phone, and watch television. He gave the fingerprints, and was taken to segregation.

Plaintiff remained in segregation for several weeks. On January 5, 2003, he asked a Lieutenant Meadows (not a defendant) why he was in segregation and how long he would be required to stay. Meadows replied that he was in segregation at the decision of Defendant Wozniak. On January 7, 2003, Plaintiff was placed in the general population. He was housed in a cell where he had to sleep on the floor. After he was placed in general population, he made requests to Nurses Michael, Paula, and Richard (not defendants) to see a doctor, all of which were denied. At one point, Nurse Richard gave Plaintiff a copy of his Union County Hospital records to show him that

there was nothing wrong with him. Plaintiff states he wrote grievances requesting medical care, but they were not acted upon. Finally, Plaintiff states that Defendant Evers assigned him to a top bunk without a step ladder to assist him in getting up and down, causing Plaintiff to reinjure his collar bone. Defendant Evers threatened to place Plaintiff in segregation after he complained.

### GENERAL CONSIDERATIONS

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991). At the same time, "[t]he conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985).

### COUNT 1

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to

succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Based on these standards, Plaintiff has failed to state a claim. He states that the overcrowding in the jail exposed him to a risk of serious harm, but he does not show how jail officials were aware of a *specific and impending* threat to his safety. The speculative risk described by Plaintiff is not enough to state a claim. Accordingly, this claim is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

### COUNT 2

> A pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that, for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a

disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56.

Plaintiff states that he was placed in segregation upon his arrival at the jail and that he was kept there at the discretion of Defendant Wozniak. He does not state that he received any procedural protections before being put into segregation, or regarding the length of his segregated confinement. Based on those allegations and the standards noted above, this claim cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

**C**OUNT **3**

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also*

> *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

Plaintiff's allegations do not sufficiently allege a serious medical need as required to state a claim of deliberate indifference. Plaintiff states that his collar bone was broken, but the medical records submitted with the complaint indicate that although Plaintiff complained of pain in his left shoulder and neck, x-rays of his cervical spine showed no fracture. Plaintiff's exhibits belie his allegations that he had a broken collar bone. Plaintiff has not stated that his condition was diagnosed by a physician as mandating treatment or that it was so obvious that even a lay person would easily recognize the need for a physician's attention. At most, Plaintiff has stated that defendants were negligent in not examining him after his requests for medical treatment. *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute

deliberate indifference.") Accordingly, Plaintiff's claim regarding medical treatment is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

#### DEFENDANTS

A word about the named defendants is in order. All claims against the Tri-County Detention Center, Captain Furlow, Lieutenant Evers, Sergeant Cavins, and Sergeant Turner have been dismissed from the action. Accordingly, these defendants are **DISMISSED** from the action.

#### SUMMARY AND CONCLUSION

Plaintiff is allowed to proceed against Defendant Wozniak on Count 2 of his complaint. Counts 1 and 3 and all other defendants are **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **Wozniak**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **Wozniak** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Tri-County Detention Center who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information

shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** November 10, 2005.

/s/     David RHerndon
**DISTRICT JUDGE**