IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASPER B. BANKS,

    Plaintiff,

v.

ADMINISTRATOR WOZNIAK,

    Defendant.                                    Case No. 04-cv-272-DRH

**ORDER**

**HERNDON, District Judge:**

    Now before the Court is the Report and Recommendation ("R&R") (Doc. 18) issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by Magistrate Judge Proud, which recommends dismissing, with prejudice, Plaintiff's claims for failure to diligently prosecute his case, despite numerous allowances given to Plaintiff by the Court to do so.

    Plaintiff, acting *pro se*, filed his Complaint (Doc. 1) pursuant to **42 U.S.C. § 1983**, concerning events allegedly arising from when Plaintiff was held as a pre-trial detainee at Tri-County Detention Center. According to the R&R, Plaintiff was transferred to the Shawnee Correctional Center in August, 2004, and has not communicated with the Court since August 31, 2004. Repeated attempts to mail

Plaintiff copies of Court Orders resulted in returned, undeliverable mail. Court staff has also attempted to communicate with Plaintiff. The Court made notified by the Shawnee Correctional Center in February, 2005, that Plaintiff had been transferred to the Hill Correctional Center. The Court resent the mail to Plaintiff at Hill.

It appears that Plaintiff was discharged from Hill in May, 2006, with a forwarding address in Rockford, Illinois. A status conference was scheduled for June 5, 2006, with notice sent to Plaintiff's Rockford, Illinois, mailing address. Plaintiff did not appear at the conference and has not, to date, communicate with the Court. The R&R found that under **FEDERAL RULE OF CIVIL PROCEDURE 16(f)**, a court may sanction a party for failure to appear at a pretrial conference in accordance with **FEDERAL RULE OF CIVIL PROCEDURE 37**. Therefore, because of Plaintiff's repeated failure to communicate with the Court and failure to diligently prosecute his claims, the Magistrate Judge found a dismissal with prejudice a proper sanction under these specific circumstances.

The R&R was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service. (*See* Doc. 18-2.) To date, none of the parties have filed objections, and the period in which to file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review of this matter. **Thomas v. Arn, 474 U.S. 140, 149-52 (1985)**.

Thus, the Court **ADOPTS** the R&R in its entirety.  Plaintiff's Complaint (Doc. 1) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 6th day of July, 2006.

/s/       David   RHerndon
**United States District Judge**
